FILED
United States Court of Appeals
Tenth Circuit

September 18, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ESTELA GUADALUPE CASTILLO
REYES, a/k/a Estela Castillo Reyes;
KEVIN ALEXANDER BARAHONA
CASTILLO; KATERINE MICHELLE
CASTILLO REYES,

      Petitioners,

v.

JEFFERSON B. SESSIONS, III,
United States Attorney General,

      Respondent.

No. 17-9550
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

    Estela Guadalupe Castillo Reyes and her minor children Kevin Alexander

Barahona Castillo and Katerine Michelle Castillo Reyes are natives and citizens of

El Salvador who entered the United States illegally. They petition for review of an

order by the Board of Immigration Appeals (BIA) affirming a decision by the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Immigration Judge (IJ) that denied their applications for asylum, withholding of removal, and protection under the Convention Against Torture. Exercising jurisdiction pursuant to 8 U.S.C. § 1252(a), we deny the petition for review.

## BACKGROUND

Castillo Reyes, through her asylum application and testimony before the IJ, alleges the following facts:[1] She was born in El Salvador in 1990, and entered the United States with her two children when she was 24. Castillo Reyes reports her family in El Salvador was very poor and that she lived alone at 16 after her mother left to find work and didn't return. Castillo Reyes shared her home for some period of time with the father of her first child, Katerine, but was left alone with her daughter at 19 when Katerine's father died. Two of Castillo Reyes's uncles then began sexually harassing her and one of them broke into her home and raped her. She didn't report the rape to the police because she didn't think they would do anything. Castillo Reyes testified that the uncles were her only remaining family in El Salvador.

After Castillo Reyes's uncle bragged about the rape to others, one of Castillo Reyes's acquaintances, Juan Carlos Barahona Gomez, offered to protect her. She and her young daughter moved in with him, but he soon began physically and verbally abusing her. She testified that she nonetheless stayed with him because she and Katerine had nowhere else to go.

---

[1] The IJ found Castillo Reyes' testimony was credible.

Castillo Reyes became pregnant by Barahona Gomez and gave birth to Kevin in February 2014. But two weeks after Kevin was born, Barahona Gomez threw Castillo Reyes, Katerine, Kevin and their clothes out on the street after Castillo Reyes refused to be intimate with him. The brother of a neighbor, Enrique Mestizo, saw Castillo Reyes's situation and offered his home to Castillo Reyes and the children. After she and the children moved in with him, he insisted that she pay him for his generosity by living as husband and wife. Mestizo also beat her.

In August 2014, Castillo Reyes discovered Mestizo molesting four-year old Katerine while the child slept. She didn't report the incident to the police because Mestizo said he would kill her and the children if she did. Not long thereafter, Castillo Reyes left Mestizo and traveled to the United States with the children.

Castillo Reyes and her children entered the United States without inspection or parole by an immigration officer in September 2014. She and the children were subsequently served with a Notice to Appear and placed in immigration removal proceedings. In May 2015, Castillo Reyes and her children, through counsel, admitted the allegations in the Notice and conceded they were removable as charged. On the same day, Castillo Reyes applied for asylum, withholding of removal and protection under the Convention Against Torture on behalf of herself and her children. Castillo Reyes's children later filed their own applications, citing the harm to their mother as their basis.

After a hearing, the IJ denied the applications and ordered Castillo Reyes and the children removed to El Salvador. On October 10, 2017, the BIA dismissed their

3

appeals of the IJ's decision. Castillo Reyes and the children timely petitioned for review of the BIA's decision.

## DISCUSSION

### A. Standard of Review

The BIA affirmed the IJ's decision in a brief order issued by a single judge. In this circumstance, "we review the BIA's decision as the final agency determination and limit our review to issues specifically addressed therein." *Diallo v. Gonzales*, 447 F.3d 1274, 1279 (10th Cir. 2006). "However, when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). "We review the BIA's legal determinations de novo, and its findings of fact under a substantial-evidence standard." *Niang v. Gonzales*, 422 F.3d 1187, 1196 (10th Cir. 2005). Under the substantial-evidence standard, "[t]he BIA's findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Id*. (internal quotation marks omitted).

### B. Asylum and Withholding of Removal

For Castillo Reyes and the children to succeed in their applications for asylum and withholding of removal, Castillo Reyes must prove she is eligible for this relief.[2] *See Rodas-Orellana v. Holder*, 780 F.3d 982, 986 (10th Cir. 2015). To be eligible for

---

[2] As noted earlier, the children's applications for asylum and withholding of removal rely on the harm experienced by their mother, and therefore depend on whether Castillo Reyes has demonstrated harm allowing such relief.

4

asylum, Castillo Reyes must prove she is a refugee, which requires that she establish that she is unable or unwilling to return to her country of nationality "because of persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Immigration and Naturalization Act (INA), 8 U.S.C. § 1101(a)(42)(A). For withholding, she must prove a "clear probability of persecution on account of" one of the statutorily protected grounds. *Rodas-Orellana*, 780 F.3d at 987 (internal quotation marks omitted). The burden of proof is higher for withholding of removal than for asylum, with the result that "[f]ailure to meet the burden of proof for an asylum claim necessarily forecloses meeting the burden for a withholding claim." *Id.* at 986-87.

## 1. Particular Social Group and Nexus

Castillo Reyes asserts she is eligible for asylum and withholding because she has been persecuted in the past and has a well-founded fear of future persecution on account of her membership in two particular social groups, female victims of domestic violence and females in El Salvador. The BIA rejected this contention, holding Castillo Reyes failed to demonstrate that the harm she suffered was on account of her membership in a valid particular social group.

The BIA held that Castillo Reyes's first proposed group, female victims of domestic violence, didn't qualify as a particular social group because it's defined by the harm she and other group members experienced. Reviewing this legal determination de novo, *see Cruz-Funez v. Gonzales*, 406 F.3d 1187, 1191 (10th Cir.

5

2005) ("What constitutes a particular social group is a pure question of law that we review de novo."), we concur.  The BIA has held that "[p]ersecutory conduct aimed at a social group cannot alone define the group, which must exist independently of the persecution." *Matter of W-G-R-*, 26 I. & N. Dec. 208, 215 (BIA 2014), *affirmed in part*, *vacated in part on other grounds sub nom. Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016), *cert. denied*, 138 S. Ct. 736 (2018).  Circuit courts have agreed, holding that a proposed social group "may not be circularly defined by the fact that it suffers persecution."  *Rreshpja v. Gonzales*, 420 F.3d 551, 556 (6th Cir. 2005); *see Perez-Rabanales v. Sessions*, 881 F.3d 61, 67 (1st Cir. 2018) (particular social group "must exist independent of the persecution claimed to have been suffered by the alien and must have existed before the alleged persecution began"); *Escobar v. Holder*, 657 F.3d 537, 545 (7th Cir. 2011) (noting that "[w]here a proposed group is defined only by the characteristic that it is persecuted, it does not qualify as a social group" (internal quotation marks omitted)).  Castillo Reyes's proposed social group of female victims of domestic violence is circularly defined by the harm suffered by its members and therefore isn't a valid particular social group under the INA.

The BIA rejected Castillo Reyes's reliance on the second proposed social group, females in El Salvador, on two grounds.  First, it concluded without discussion that this group lacked particularity—one of the requirements for demonstrating a legally cognizable social group under the Act.[3]  Second, even if

---

[3] To be cognizable under the INA, a proposed social group must (1) share a common immutable characteristic, (2) be defined with particularity, and (3) be

6

"females in El Salvador" qualifies as a particular social group, the BIA affirmed the IJ's finding that Castillo Reyes had failed to prove that the harm she experienced was "on account of" her membership in this group. We affirm the BIA's decision on the latter ground.[4]

For past or future persecution to be "on account of" membership in a social group, "the victim's protected characteristic must be central to the persecutor's decision to act against the victim." *Niang*, 422 F.3d at 1200; *see Rodas-Orellana*, 780 F.3d at 996 ("A protected ground must be 'at least one central reason for persecuting the applicant.'" (quoting 8 U.S.C. § 1158(b)(1)(B)(i))). Whether this nexus exists is a factual determination, *see Dallakoti v. Holder*, 619 F.3d 1264, 1268 (10th Cir. 2010), that focuses on the persecutors' motive in mistreating the applicant, *see INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). To satisfy the statute, "the protected ground cannot play a minor role in the alien's past mistreatment or fears of future mistreatment. That is, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Dallakoti*, 619 F.3d at 1268 (internal quotation marks omitted).

---

socially distinct within the society in question. *See Rodas-Orellana*, 780 F.3d at 990-91. The particularity requirement "means the group cannot be indeterminate[,] too subjective, inchoate, and variable." *Id.* at 990 (ellipsis and internal quotation marks omitted).

[4] Although we don't decide whether a social group based on gender alone would be cognizable under the Act, we note that we have previously said that "the focus with respect to such claims should be not on whether either gender constitutes a social group (which both certainly do) but on whether the members of that group are sufficiently likely to be persecuted that one could say that they are persecuted 'on account of' their membership." *Niang*, 422 F.3d at 1199-1200.

7

In this case, the BIA affirmed the IJ's determination that Castillo Reyes failed to establish that the harm she suffered had a nexus to her membership in the particular social group of being female. The IJ found based on the evidence presented that Castillo Reyes wasn't harmed by her uncle, Barahona Gomez, and Mestizo "because of her gender, but because she was unfortunately vulnerable to their mistreatment during the times that she lived alone or was dependent on the men for providing for her and her children." R. at 42. As a result, the IJ found, Castillo Reyes's gender was "tangential and even subordinate to another reason for harm: vulnerability." *Id.* The BIA found no clear error in these findings, and as a result held that Castillo Reyes failed to establish the required nexus between the harm she experienced and her membership in the social group of being female. *Id.* at 5.

We must affirm these factual findings unless the record compels the conclusion that Castillo Reyes' status as a female in El Salvador was a central reason for her past mistreatment at the hands of the three men and the mistreatment she fears she will suffer in the future if she returns to her country. *See* 8 U.S.C. § 1252(b)(4)(B); *Niang*, 422 F.3d at 1196. After carefully examining the record, we can't say that the evidence Castillo Reyes presented is so compelling that any reasonable factfinder would be required to make this finding. In each instance, Castillo Reyes was harmed when she lived alone or, as she testified, had nowhere else to go when she was mistreated. Under these circumstances, we conclude that substantial evidence supports the IJ's findings, as affirmed by the BIA.

8

Castillo Reyes also argues the BIA erred in not addressing her claim that she suffered past persecution. But it was unnecessary for the BIA to do so in light of its determination that Castillo Reyes had failed to establish a nexus between her membership in a particular social group and her alleged persecution as required to establish eligibility for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (to be eligible for asylum, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant"); *Perez-Rabanales*, 881 F.3d at 68 ("Because the IJ and the BIA supportably found that the petitioner failed to establish a nexus between the claimed harm and a statutorily protected ground, there was no error in forgoing an analysis of past persecution.").

Having failed to demonstrate her eligibility for asylum, Castillo Reyes also necessarily failed to carry her burden of proving eligibility for withholding of removal. *See Rodas-Orellana*, 780 F.3d at 987.

### 2. *Matter of A-R-C-G-*

Castillo Reyes also contends the BIA erred in failing to consider whether she qualified as a refugee under *Matter of A-R-C-G-*, a case in which the BIA affirmed that "married women in Guatemala who are unable to leave their relationship" constitute a cognizable particular social group. *See* 26 I. & N. Dec. 388, 392-95 (BIA 2014). Castillo Reyes argues that she was a member of a particular social group related to her domestic relationships, and that this group is cognizable under *A-R-C-G-*.

9

The IJ considered and rejected this argument, finding *A-R-C-G-* was inapplicable because the evidence didn't establish that Castillo Reyes was unable to leave the two domestic relationships to which she testified. Castillo Reyes didn't challenge the IJ's determination or otherwise raise *A-R-C-G-* in her appeal to the BIA. "We have recognized that neglecting to take an appeal to the BIA constitutes a failure to exhaust administrative remedies as to any issue that could have been raised, negating the jurisdiction necessary for subsequent judicial review." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1118 (10th Cir. 2007) (internal quotation marks omitted). The BIA also didn't address this issue sua sponte. Under these circumstances, we lack jurisdiction to decide this issue.[5] *See id.* at 1118, 1120.

## C. Convention Against Torture

Castillo Reyes and the children didn't present argument in their opening brief challenging the denial of their applications for protection under the Convention Against Torture. Accordingly, this issue has been waived. *See Kabba v. Mukasey*, 530 F.3d 1239, 1248 (10th Cir. 2008) (holding that issues insufficiently raised in an opening brief are waived).

---

[5] We also note that after the BIA issued its final decision and the parties completed briefing in this appeal, Attorney General Sessions overruled *A-R-C-G-*. *See Matter of A-B-*, 27 I. & N. Dec. 316, 317 (A.G. 2018).

**CONCLUSION**

For the foregoing reasons, we deny the petition for review.

Entered for the Court


Nancy L. Moritz
Circuit Judge